UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| *In Re* Subpoena to Plaintiff's Expert, | ) | |
| Craig D. Hillman | ) | |
| | ) | Misc. Case No. _____ |
| c/o Akerman LLP | ) | |
| Counsel for Plaintiff | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| QBEX COMPUTADORES S.A., | ) | |
| | ) | Case No.  17-cv-03375-LHK, |
| Plaintiff, | ) | United States District Court, |
| | ) | Northern District of California |
| v. | ) | San Jose Division |
| | ) | Judge: Hon. Lucy H. Koh |
| INTEL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA
TO PLAINTIFF'S EXPERT, FOR RELATED PROTECTIVE ORDER,
OBJECTION TO PRODUCTION OF TANGIBLE THINGS, AND
REQUEST TO TRANSFER MOTION TO THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

Defendant Intel Corporation ("Intel" or "Defendant"), on the night of Sunday, September

2, 2018 (the middle of Labor Day holiday weekend), and without previously consulting with

Plaintiff, Qbex Computadores S.A. ("Qbex" or "Plaintiff") regarding scheduling or availability,

served on Qbex: (i) a subpoena for documents and equipment directed to Qbex's expert witness,

Craig  D. Hillman ("Dr. Hillman") for production on September 7, 2017 (i.e., four (4) business

days' notice), a copy of which is attached hereto as **Exhibit 1** (the "Document Subpoena"); and

(ii) a deposition subpoena directed to Mr. Hillman for deposition in Washington, D.C., on

September 13, 2018 (i.e., eight (8) business days' notice), a copy of which is attached hereto as

**Exhibit 2** (the "Deposition Subpoena").  For the reasons set forth herein, the Court should quash

46306892;2

the subpoenas pursuant to Rule 45(d)(3) and issue a protective order as to same under Rule 26(c).

Qbex, on behalf of Dr. Hillman, also objects to the production of tangible things identified in the

Document Subpoena (smartphones) pursuant to Rule 45(d) and requests transfer, under Rule 45(f),

of this Motion to the Court from where the subpoenas issued, United States District Court,

Northern District of California, San Jose Division, Case No. 17-cv-03375-LHK.

## I.     ARGUMENT

### A.     Standards

#### 1.     Motion to Quash

Federal Rule of Civil Procedure 45(d)(3)(A)(i) and (iii) provide the governing legal

standard for quashing the subpoenas. It states:

> (A) When Required. On timely motion, the court for the district where
> compliance is required <u>must</u> quash or modify a subpoena that:
> (i) fails to allow a reasonable time to comply; [or]…
> (iii) requires a disclosure of privileged or other protected matter, if no
> exception or waiver applies.

*Id*. (emphasis added.).[1]

#### 2.     Motion for Protective Order

Pursuant to Federal Rule of Civil Procedure 26(c):

> A party or any person from whom discovery is sought may move for a
> protective order in the court where the action is pending – or as an alternative on
> matters relating to a deposition, in the court for the district where the deposition
> will be taken…. The court may, for good cause, issue an order to protect a party or
> person from annoyance, embarrassment, oppression, or undue burden or expense,
> including one or more of the following:
> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place for the disclosure or
> discovery;…

---

[1] Qbex has standing to move to quash the subpoenas under Rule 45 because they infringe upon the legitimate interests of Qbex. *See Winona PVD Coatings, LLC v. Excel Enters., LLC*, NO. 3:16-cv-19-WCL-CAN, 2016 WL 9347091, at *3 (N.D. Ind. Apr. 18, 2016) ("[Plaintiff] has standing to seek to quash or modify the subpoenas to protect its own legitimate business interests.").

46306892;2

(D) … limiting the scope of disclosure or discovery to certain matters.

*Id*.

### 3.      Objection to Production of Documents or Tangible Things

A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to <u>inspecting</u>, copying, <u>testing, or sampling</u> any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested.

Fed. R. Civ. P. 45(d)(2)(B) (emphasis added).

### B.      The Document Subpoena Is Defective and Should be Quashed

### 1.      Intel Has Received a Substantial Number of Qbex Smartphone Samples for Examination and Testing

There are 8 different models of smartphones at issue in this lawsuit, though the difference between 3 of these models is just the color of the phone.  Intel and/or its expert currently have possession of 170 new smartphones (including at least 20 samples of each of the 8 different models) with all pieces and accessories and 16 customer returned smartphones without batteries (2 of each of the 8 different models), and Intel will soon be receiving and additional 180 new smartphones with all pieces and accessories and 40 customer returned customer smartphones with their batteries in the middle of September.

### 2.      The Document Subpoenas Improperly Demands Production of the Qbex Smartphone Samples Examined and Tested by Dr. Hillman

In addition to requesting documents from Dr. Hillman, the Document Subpoena also improperly seeks all of the smartphone samples that Dr. Hillman examined and tested:

> 2.      All Qbex Smartphones upon which You rely as a basis for Your opinions in this case, including Your proposed trial testimony.
> 3.      All Qbex Smartphones that You inspected, measured, characterized, tested, or otherwise considered in forming Your opinions in this case, including Your proposed trial testimony.
> 4.      All Documents, tangible things, data, or other information sufficient to reconstruct Your inspection, measurement, characterization, testing, and/or

thermal measurements of Qbex Smartphones in forming Your opinions in this case, including but not limited to the underlying Qbex Smartphones, benchmarks, video recordings, WhatsApp, Battery Optimizer, and navigation applications referenced in Your Report.

    5.    All Qbex Smartphones referenced in Tables 1-4, Exhibit 4, and Exhibit 5 of the Report, to the extent not covered by other Requests.

Ex. 1 at Ex. A, p. 2.

### 3.    The Qbex Smartphone Samples Retained by Dr. Hillman Are Fungible Samples to Which Intel Is Not Entitled

To the extent Intel seeks information regarding Dr. Hillman's examination and/or testing of the Qbex smartphone samples, Intel is welcome to do so at his deposition; however, the smartphone samples he examined/tested are fungible and non-unique, and Intel's demand that they be produced is inconsistent with its prior arguments in this case.

The subpoena improperly demands the production of the sample smartphones that Dr. Hillman examined and tested in preparing his report (Nos. 2, 3, 4 (as to tangible things), and 5) to which Intel is not entitled. As acknowledged by Intel in its joint discovery letter brief regarding the new smartphones: "Qbex has not offered any justification for deviating from the normal rules governing expert discovery. *See* Fed. R. Civ. P. 26(b)(4)(D). The new smartphone samples are fungible exemplar goods and Intel's testing of those samples—whether "destructive" or not—has no impact whatsoever on Qbex's ability to perform its own tests on other samples." ECF No. 77 at pp. 2-3.  (emphasis added). Intel further argued that "with respect to the customer-returned smartphones, Qbex has not offered any plausible justification for requiring Intel to disclose its work-product protected inspection and testing methods." *Id*. Intel was adamant that Qbex could not obtain "information relating to Intel's testing processes and methods." *Id*. Despite having made those arguments, Intel now claims that it is entitled to inspect the "fungible exemplar goods" that Dr. Hillman tested, and that Intel is entitled to obtain Qbex and its attorney's work-product

protected inspection and testing methods. Further, the Court adopted Intel's testing protocol which nowhere allows for what Intel is asking for now. As mentioned above, Intel has already received a substantial number of smartphones and will be receiving another significant batch in the next few weeks. Should Intel obtain the smartphone samples Dr. Hillman examined and tested, Intel would be in a position to alter the smartphones and/or make representations regarding the smartphones that Qbex may not have the opportunity to challenge until trial, at which point Qbex would be severely prejudiced. Second, by giving Dr. Hillman only four (4) business days to comply, it fails to provide him with reasonable time to respond to the subpoena. *See AngioScore, Inc. v. TriReme Med., Inc.*, 2014 WL 6706898, at *1 n.1 (N.D. Cal. Nov. 25, 2014) (finding nine (9) days to comply with a subpoena requiring the production of documents to be unreasonable).

Essentially, Intel wants one set of rules to apply to it and a separate set of rules to apply to Qbex. Intel got what it wanted in that discovery dispute and should now have to live with those consequences. Here, the Document Subpoena infringes upon Qbex's legitimate interests in preventing Intel from obtaining, physically altering, and potentially tampering with the smartphone samples that Dr. Hillman examined and tested, which Intel has admitted are non-unique and fungible goods. *See* Fed. R. Civ. P. 26(c), 45(d)(3)(A)(iii).

**4. Four Business Days' Notice to Comply with the Document Subpoena Is Unreasonable**

Finally and critically, four (4) business days' notice to comply with the Document Subpoena is an unreasonable time to comply and unnecessary, especially given that expert witness discovery is scheduled to close on November 8, 2018. *See* Fed. R. Civ. P. 26(c), 45(d)(3)(A)(i).

**C.    The Deposition Subpoena Is Defective**

**1.    Intel Failed to Confer with Qbex Prior to Scheduling the Deposition**

Local Rule 30-1 of the United States District Court for the Northern District of California

states:

> 30-1. Required Consultation Regarding Scheduling
>
> For the convenience of witnesses, counsel and parties, before noticing a deposition of a party or witness affiliated with a party, the noticing party must confer about the scheduling of the deposition with opposing counsel or, if the party is pro se, the party. A party noticing a deposition of a witness who is not a party or affiliated with a party must also meet and confer about scheduling, but may do so after serving the nonparty witness with a subpoena.

Because Intel did not consult Qbex prior to scheduling the deposition of Dr. Hillman, the

Deposition Subpoena violates the Northern District of California's Local Rule 30-1, and should

be quashed for that reason alone.  Indeed, Intel is fully aware that Qbex's counsel will be appearing

in this matter before the District Court in San Jose, California, the afternoon of September 12,

2018, and cannot travel across the country for deposition the following morning in Washington,

D.C.  Moreover, Qbex's counsel has a prior commitment at that time.  Additionally, had Intel

consulted with Qbex, it would have learned that Dr. Hillman is not available for deposition on

September 13, as he is scheduled to attend an Air Force conference in Dayton, Ohio, and neither

is Qbex's counsel (all senior attorneys will be either at the Akerman firm retreat in Orlando and/or

out of country on that date).  Further, Qbex's counsel will be in San Jose, California, on September

12, 2018, appearing before this Court at a Case Management Conference beginning at 2:00 p.m.

PST, making it effectively impossible to travel across the country to participate in a deposition at

9:00 a.m. EST the next day. *See* Fed. R. Civ. P. 26(c).

It is correct that Qbex has refused to produce Dr. Hillman for deposition before the October

12 deadline for rebuttal reports.  There is simply not enough time to accomplish all fact discovery

and expert discovery before October 12.  The expert discovery deadline is November 8, 2018 and

Qbex has told Intel to suggest dates for the deposition between October 12 and November 8.  That

is the whole point of having a separate expert discovery schedule and cut-off deadline.  Indeed,

never has Qbex's counsel agreed to let opposing counsel depose their experts before the rebuttal expert deadline as Intel tries to do here.  Further, if Intel had wanted to proceed in this way, it should have advised Qbex before August 31, 2018 and should not have so vehemently opposed Qbex's Motion to Extend the Pretrial and Trial Deadlines.

Lastly, the eight (8) business days' notice of the deposition is unreasonable. *See* Fed. R. Civ. P. 26(c), 45(d)(3)(A)(i).

### 2.     Intel Failed to Tender the Fees as Required by Rule 45

The Deposition Subpoena is also defective because Intel served it on Qbex without tendering the attendance and mileage fees as required by Federal Rule 45(b)(1). If Intel insists on attempting to schedule the deposition of Dr. Hillman pursuant to Rule 45 rather than by conferring with Qbex regarding a mutually acceptable time and place, then Intel must also comply with the requirements of Rule 45, which it has failed to do.

### D.     Qbex, on behalf of Dr. Hillman, Objects to Producing the Smartphone Samples

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B):

A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested.  The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.

Fed. R. Civ. P. 45(f)(2)(B).

Qbex, on behalf of Dr. Hillman, hereby objects to producing the smartphones samples requested in the Document Subpoena.

### E.     Dr. Hillman Consents to the Transfer of This Motion to the Issuing Court, the United States District Court for the Northern District of California

"When the court where compliance is required did not issue the subpoena, it may transfer

a motion under this rule to the issuing court if the person subject to the subpoena consents." Fed. R. Civ. P. 45(f).  In this case, Dr. Hillman consents to the transfer of this Motion to the issuing Court, the United States District Court for the Northern District of California, Case No.  17-cv-03375-LHK, where this matter is pending.  Transferring this Motion to the issuing Court will serve the interests of justice because the issuing Court already has familiarity with issues raised herein.

**WHEREFORE**, Plaintiff, Qbex Computadores, S.A., on behalf of itself and Craig D. Hillman, respectfully request the Court quash the Document Subpoena issued to Mr. Hillman, quash the Deposition Subpoena issued to Mr. Hillman, enter a Protective Order relieving Dr. Hillman from complying with these subpoenas at this time and, alternatively, transfer this Motion to the Court that issued the subpoenas, the United States District Court for the Northern District of California, San Jose Division, Case No.  17-cv-03375-LHK.

Dated: September 7, 2018                    Respectfully submitted,

                                            **AKERMAN LLP**

                                            /s/ John M. Neary
                                            John M. Neary, # 1023573
                                            750 Ninth Street, N.W., Suite 750
                                            Washington, D.C. 20001
                                            Phone: (202) 393-6222
                                            Fax: (202) 393-5959
                                            john.neary@akerman.com
                                            *Counsel for Qbex Computadores S.A.*

**AKERMAN LLP**
Mark Riera
Luis A. Perez
Francisco A. Rodriguez
Sandra J. Millor
Darryl R. Graham
Andrew J. Dominguez
*Counsel for Qbex Computadores*
*S.A. in Court where Subpoenas Issued*

46306892;2

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 7th day of September 2018, I electronically filed and served the foregoing document using CM/ECF to all parties of record.

/s/ John M. Neary
John M. Neary

46306892;2